IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN - FLINT DIVISION

DACQUIRI POPLAR,
    Plaintiff

-vs-                                CASE NO._____

I.C. SYSTEM, INC.
    Defendant
_____/
NOSA ADUWA  P58212
UAW Legal Services Plan
Attorney for Plaintiff
5125 Exchange Drive
Flint, Michigan 48507
(810) 257-0430
_____/

**VERIFIED COMPLAINT**

    The Complaint of Dacquiri Poplar by his attorneys, UAW-GM Legal Services Plan, is as follows:

INTRODUCTION

    1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 USC 1692 et. Seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

JURISDICTION

    2. Jurisdiction of this Court arises under 15 USC 1692k(d) and 28 USC 1331.

PARTIES

    3. Plaintiff DACQUIRI POPLAR is a natural person currently residing in Montrose, MI and is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

4. Defendant I.C. SYSTEM, INC. is a Minnesota corporation with its principal place of business located in St. Paul, Minnesota. I.C. SYSTEM, INC. regularly attempts to collect consumer debts asserted to be due another.

## FACTS

5. Defendant communicated by telephone with Plaintiff in an attempt to collect an alleged consumer debt during the following period: During the months of January and February 2010.

6. Defendant Employee was responsible for collection communications by Defendants, including the phone calls made for I.C. SYSTEM, INC. in an attempt to collect the debt.

7. Plaintiff notified Defendant in writing that Plaintiff wished the debt collector to cease further communication on or about October 30, 2009. **See attached Exhibit A.**

8. Despite the notification by Plaintiff that Plaintiff wished the debt collector to cease communication, Defendant continued to communicate with Plaintiff in an attempt to collect the alleged debt.

9. Plaintiff or Plaintiff's attorney notified Defendant in writing that the debt was disputed and verification requested on or about October 30, 2009.

10. Despite the notification by Plaintiff that the debt was disputed and verification was requested, Defendant continued to communicate with Plaintiff in an attempt to collect the alleged debt before providing the requested verification.

11. Defendant wwas notified on or about October 30, 2009, by certified mail with return receipt requested from Plaintiff's counsel that Plaintiff was represented by an attorney regarding the alleged debt. **See attached Exhibit A.**

12. Despite the notification of attorney representation, Defendant communicated directly to the Plaintiff in an attempt to collect the alleged debt.

13. The Defendant made repeated collection telephone calls to Plaintiff over a period of several weeks during the months of January and February 2010

14. In attempting to collect the alleged debt, Defendant used methods involving harassment and abuse, including the following:  threats of physical harm and water boarding.

15. In a collection communication with Plaintiff, Defendant threatened to take the following action that Defendant did not intend to take or was not legally entitled to take:  threats of physical harm and water boarding.

16. Plaintiff's counsel in light of Defendant's abusive collection methods, notified Defendant by certified mail return receipt requesting of their violations. **See attached Exhibit B.**

17. As a result of Defendant's actions in violation of collection statutes, Plaintiff suffered emotional distress and mental anguish.

COUNT I
FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff realleges and incorporates by reference all of the above paragraphs.

19. In attempting to collect the alleged debt from Plaintiff, Defendant have committed violations of the Fair Debt Collection Practices Act, 15 USC 1692 et seq., including, but not limited to, the following:

A. Failing to cease communication as required after notice from the Plaintiff. 15 USC 1962c©.

B. Failing to cease communication as required after notice from the Plaintiff. 15 USC 1962c©.

C.  Communicating with the Plaintiff, knowing the Plaintiff was represented by an attorney.  15 USC 1692c(a)(2).

D.  Engaging in harassing, oppressive or abusive conduct.  15 USC 1692d.

E.  Threatening to take action that cannot be legally taken or is not intended to be taken.  15 USC 1692e(5).

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

20.  Plaintiff realleges and incorporates by reference all of the above paragraphs.

21.  Defendant's conduct in attempting to collect the alleged debt was extreme and outrageous.

22.  Defendant acted with intent to cause emotional distress, or with reckless disregard of the effect of the conduct.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendants for:

A.  Statutory damages, costs and reasonable attorneys' fees pursuant to 15 USC 1692k;

B.  Such other and further relief as may be just and proper.

## VERIFICATION

I, DACQUIRI POPLAR VERIFY THAT I HAVE READ THE FOREGOING COMPLAINT, AND THAT THE CONTENTS THEREOF IS TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Date: 5/21/2010                           By: s/ Dacquiri Poplar_____
                                               Plaintiff, Dacquiri Poplar


                                          _s/ Nosa Aduwa_____
                                          NOSA ADUWA P58212
                                          UAW-GM Legal Services Plan

                                                         5125 Exchange Drive  
                                                         Flint, Michigan 48507  
                                                         (810) 257-0430  
                                                         nosaad@uawlsp.com  

Dated: 5/24/2010